ROSENDO FIGUEROA, Plaintiff and Appellee, *v.* SAVINGS AND LOAN FUND ASSOCIATION OF THE EMPLOYEES OF THE INSULAR GOVERNMENT OF PUERTO RICO, Defendant and Appellant.

No. 8381. Argued February 11, 1942.—Decided March 6, 1942.

*José A. Gelpí* for appellant. *Rafael Soltero Peralta* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On October 14, 1940, Rosendo Figueroa filed, in the District Court of San Juan, a petition for a mandatory writ of injunction to compel the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico, through its board of directors, to direct the payment to the plaintiff of the amount of insurance to which he might be entitled as an insured member of the defendant.

In this respect he alleged, in short, that one of the aims of the Association is to stimulate savings among its members and to insure them against physical disabilities and death; that the plaintiff is now and for fifteen years has been an employee of the Insular Government and a member of the defendant association ever since he became an employee, by virtue of which 3 per cent has been deducted from his salary to be paid into the savings and loan fund in accordance with the law; that about the month of April, 1940, he was notified by the head of the government office where he was working that he would be discharged on October 23, 1940, as being physically disabled, leave of absence being granted to him in the meantime until then; that thereupon he applied to the director of the association for the payment of the first class insurance to which he was entitled, as he had paid one dollar monthly for each death or disability, for more than five years; that his physical disability is total and permanent and has been brought about by a chronic disease not contracted on account of licentious living; that the board of directors refused to pay the insurance to him thus failing to perform a ministerial duty; that when his employment ceases he will be left without any source of income for his own support and that of his family; and that to compel the defendant to perform its duty he has available no other

adequate and efficient remedy at law than the one to which he has restored herein.

The court ordered the defendant to appear on October 28, 1940, and show cause why the writ sought should not issue. The proceedings were continued, first by stipulation of the parties, and then owing to the failure of the defendant to appear, and on January 10, 1941, a hearing was held without the appearance of the latter. The plaintiff submitted documentary and oral evidence, "the case being left pending to await the testimony of Dr. García Cabrera on January 13, 1941, at 9 a. m."

The doctor failed to appear on the 13th and "the hearing was postponed until a further setting." On January 28, 1941, the plaintiff moved for a resetting of the case. No ruling by the court on this motion appears from the record. What appears after said motion is the statement of the case and opinion filed and the judgment, dated April 25, 1941. In the opinion the court stated that, in view of the attitude of the defendant, which failed to appear on January 10, 1941, the complaint should be sustained, as it was actually sustained, without any special imposition of costs.

The defendant, on being notified, brought the present appeal. Four errors are assigned in its brief as having been committed by the district court in basing its judgment on a premature complaint, in considering as adequate the procedure followed, in failing to give defendant an opportunity to appear on January 13, 1941, and in rendering judgment without hearing the defendant.

For a reversal of the judgment it would be sufficient to consider the last two assignments of error, wherein the question is raised of the judgment having been rendered without giving the defendant an opportunity to submit evidence.

The testimony of Dr. García Cabrera was indeed lacking, and although it appears from an examination of the record

that the defendant failed to act with due diligence, the fact is that the court postponed the proceedings until a further setting and that, although the plaintiff-appellee had requested that the date of the new hearing be set, the court, disregarding its own order and the plaintiff's request, finally decided the case without hearing the testimony that was lacking.

■ However, inasmuch as such a disposition of the appeal would have the effect of leaving the case pending before the district court, the other assignments of error, which in our opinion are likewise well founded, must be considered.

The action was premature, since at the time it was brought the plaintiff had not yet ceased as an employee of the Insular Government and, therefore, was not entitled to the insurance, a right which could have been recognized by the defendant of its own accord, and an injunction was not the proper remedy under the law and the decisions of this court.

■ The proper remedy in similar circumstances is that of mandamus, it having been held that resort may also be had to an ordinary action. *Escartín* v. *Insular Police Commission,* 47 P.R.R. 473; *Betancourt* v. *Savings and Loan Fund etc.,* 55 P.R.R. 62.

As was held in the last of those two cases, citing the first one:

"When a member of the Savings and Loan Fund Association of the Employees of the Insular Government has to resort to the courts to recover his insurance, he may do so by availing himself of the extraordinary remedy of mandamus or of an ordinary action. In either case the judgment rendered should only order that done which may be complied with the Association according to the facts and the law."

The 1906 Act itself (Laws of 1906, p. 86), which was incorporated into the Code of Civil Procedure, 1933 ed., §§ 675 to 689, defines the writ of injunction thus: "An injunction is a judicial command in writing issued under the seal of a court, directing a person to refrain from doing or permitting to be done by others under his control a particular act which

violates a right of another.'' Section 675 of the Code of Civil Procedure, 1933 ed. The relief sought by the plaintiff in the present action can not be included in that definition nor is it covered by any specific cases where by express provision of law an injunction may be issued. Section 677 of the Code of Civil Procedure, 1933 ed.

By virtue of all the foregoing, the appeal must be sustained, the judgment appealed from reversed, and another rendered instead. dismissing the complaint, with costs but without including attorney's fees.